1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID SAMPSON HUNTER,                   No.  2:20-CV-1097-WBS-DMC-P

12                    Petitioner,

13          v.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   SCOTT JONES,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas

18   corpus under 28 U.S.C. § 2254. Before the Court are Petitioner's motions for injunctive relief. ECF

19   Nos. 8, 25. The undersigned United States Magistrate Judge recommends denying the motions.

20                        **I. PETITIONER'S ALLEGATIONS**

21          Petitioners motions are near-indecipherable. <u>See</u> ECF Nos. 8, 25. The second motion

22   in particular lacks any clear argument. ECF No. 25. The Court understands Petitioner's allegations

23   as follows:

24          In the first motion, Petitioner largely restates the core allegation from his habeas

25   petition—that he has been unconstitutionally incarcerated. <u>See</u> ECF No. 1, 8. He asserts that he has

26   been falsely imprisoned ever since police arrested him at a Motel 6 because the police "got jealous."

27   ECF No. 8. At 2. Petitioner seems to assert that his arrest was illegally connected to the filming of

28   a pornographic video with sex workers at the Motel 6. <u>Id.</u> It is unclear, however, whether Petitioner

                                              1

1    contends that it was he who was filming pornography (he mentions that the sex workers had some

2    connection to him). <u>Id.</u> He requests money damages, permission to proceed in forma pauperis,[1] and

3    to be released from prison. <u>Id.</u> at 3.

4         In Petitioner's second motion,  ECF No. 25, he cites the United States Constitution,

5    Federal Rule of Appellate Procedure 8, and 28 U.S.C. § 743(f). Petitioner asserts that he is entitled

6    to an "emergency motions [to] force clean up." <u>Id.</u> at 1. It is difficult to further describe the motion's

7    contents.  Petitioner variously seems to allege that Respondents are homosexual cross-dressers and

8    sex offenders, that a pornographic film in which sex workers appear is somehow involved in his

9    case, and that there is some issue with the film that requires the Court to act. <u>Id.</u> at 2–3. Petitioner

10   references sex offenses, "show girls," exposure of sex workers' bodies' in the film,[2] "flaws" in the

11   film, and some correction that prosecution was required to make. <u>See id.</u>  Petitioner again seems to

12   contend that he was somehow involved with a pornographic film in which sex workers appeared,

13   and he takes issue with that video, its contents, and its connection to his arrest. <u>See id.</u> He may take

14   issue with the introduction of evidence of prior sex offenses at his criminal trial. <u>See id.</u> at 4.

15   Petitioner asks that the individuals described as sex workers be admitted to the hospital for

16   treatment of sexual problems and AIDS, that the sex workers be subpoenaed, and that the sex

17   workers be deposed. <u>See id.</u> at 3–4.

18                              **II. STANDARD OF REVIEW**

19        The primary purpose of a preliminary injunction is preservation of the status quo.

20   <u>E.g.</u>, <u>Ramos v. Wolf</u>, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a

21   preliminary injunction is preservation the Court's power to render a meaningful decision after a trial

22   on the merits. <u>E.g.</u>, <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). It is meant to

23   maintain the relative positions of the parties and prevent irreparable loss of rights before final

24   judgment. <u>See, e.g.</u>, <u>id.</u>; <u>Doe #1 v. Trump</u>, 957 F.3d 1050, 1068 (9th Cir. 2020); <u>Ramos</u>, 975 F.3d

25   at 887. A preliminary injunction is an extraordinary remedy that is not awarded as of right. <u>Winter</u>

26

27   [1] The Court has already granted permission for Petitioner to proceed in forma pauperis. <u>See</u> ECF No. 9.
     [2] It appears Petitioner *might* allege that the sex workers allegedly involved in his case were responsible for recording
28   and editing the alleged pornographic film. <u>See</u> ECF No 25 at 2–4. That responsibility may allegedly have included
     blurring of their exposed bodies. <u>See id.</u>

1    v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); All. for the Wild Rockies v. Cottrell, 632

2    F.3d 1127, 1131 (9th Cir. 2011).

3    The legal principles applicable to requests for injunctive relief, such as a temporary

4    restraining order or preliminary injunction, are well established. To prevail, the moving party must

5    show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky,

6    586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 555 U.S. at 20). To the extent prior Ninth

7    Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm,

8    such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los

9    Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to

10   demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in

11   the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is

12   in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 555 U.S. at 20. If an inmate

13   is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to

14   another prison renders the request for injunctive relief moot, unless there is some evidence of an

15   expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975);

16   Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

### III. DISCUSSION

**A. Petitioner Has Not Demonstrated Entitlement to Injunctive Relief:**

19   Petitioner has not established grounds for any relief, let alone a preliminary

20   injunction. Petitioner does not establish that he is likely to succeed on the merits of his habeas

21   claims, that he faces irreparable harm if this Court does not issue an injunction, that the hardships

22   tip in his favor, or that an injunction is in the public interest. See, e.g., All. for the Wild Rockies v.

23   Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Although the United States Court of Appeals for

24   Ninth Circuit has employed a sliding scale under which a stronger showing as to one of the

25   foregoing elements can make up for a weaker showing on another element, Petitioner has not made

26   any showing on any element. See id.; ECF Nos. 8, 25. There are simply no grounds on which to

27   grant injunctive relief.

28   / / /

1    Even construing Petitioner's submissions liberally, Petitioner makes no real

2    argument on any of the elements justifying the extraordinary remedy of an injunction. Petitioner's

3    submissions make no showing satisfying what the Ninth Circuit has determined is the most

4    important factor—likelihood of success on the merits. See Garcia v. Google, Inc., 786 F.3d 733,

5    740 (9th Cir. 2015). He offers nothing other than his allegations about false arrest, pornography,

6    and sex workers to support his motion.[3] ECF Nos. 1, 8, 25. If a movant fails to show likelihood of

7    success on the merits, the Court need not consider the remaining elements. Garcia, 786 F.3d at 740.

8    Petitioner's burden here is all the more demanding because he seeks a mandatory injunction.[4] Id.

9    He must establish the law and facts *clearly* in his favor. Id. He has not done so.

10    Furthermore, although the Court need not consider the remaining elements, it is

11    worth noting that Petitioner has not remotely established irreparable harm. In his first motion,

12    Petitioner essentially restates his central allegation. See ECF No. 8. That is, Petitioner effectively

13    rehashes his complaint that he is unconstitutionally incarcerated. See id. But, again, he offers

14    nothing other than his rambling assertions about pornographic films and prostitution to support his

15    motion. Id. Similarly, in his second motion, Petitioner does not sufficiently argue that he is likely

16    to suffer irreparable harm. ECF No. 25. His discussion of sex workers, sex offenses, and recording

17    of pornography does not support the motion.

18    Petitioner's allegations fail to show that, absent a mandatory injunction ordering his

19    release from prison, he will suffer irreparable damage. See, e.g., Maddox v. Thomas, Civ. No. 18-

20    00133 DKW-RLP, 2018 WL 2187976, at *5–7 (D. Haw. May 11, 2018) (declining, in a habeas

21    corpus case, to issue a preliminary injunction ordering the petitioner's release from prison).

22    Irreparable harm is damage that cannot be redressed by a legal or equitable remedy following trial.

23    See, e.g., Arizona Dream Act Coal. v. Brewer, 757 F.3d 1053, 1068 (9th Cir. 2014); Cutera, Inc. v.

24    Lutronic Aesthetics, Inc., 444 F. Supp. 3d 1198, 1208 (E.D. Cal. 2020). To Petitioner's credit,

---

[3] Moreover, Respondent has not yet filed an answer in this case as the Court directed Respondent to do within 60 days on March 23, 2021. ECF No. 20. There is nothing before the Court coherently contextualizing Petitioner's claims and the probability of their success on the merits.

[4] A mandatory injunction orders a responsible party to act. Garcia, 786 F.3d at 740. A mandatory injunction goes beyond typical maintenance of the status quo. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009). Mandatory injunctions are disfavored. Id.

1  deprivation of constitutional rights constitutes irreparable harm. E.g., Melendres v. Arpaio, 695

2  F.3d 990, 1002 (9th Cir. 2012). But even if Petitioner does allege some possible harm (e.g., related

3  to the alleged pornographic film or his continued incarceration), he must establish that irreparable

4  harm is *likely*, not just possible. Cottrell, 632 F.3d at 1131. Petitioner fails entirely to show that any

5  irreparable harm is likely (let alone that it cannot, for instance, be rectified by resolution of his

6  petition for a writ of habeas corpus). See, e.g., id.; cf. Maddox, 2018 WL 2187976, at *6–7.

7  **B.  The Court Cannot Issue an Injunction Against the Nonparties in this Case:**

8  To the extent that Petitioner seeks an order granting injunctive relief against

9  individuals who are not party to this case (e.g., an order directing someone to admit the above-

10  discussed sex workers to the hospital), the Court here lacks authority to grant it. See, e.g., Fed. R.

11  Civ. P. 65(d)(2)(A)–(C); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969);

12  James v. Scribner, No. CV 07–880–TUC–RCC, 2010 WL 3942844, at *2 (E.D. Cal. Oct. 4, 2010).

13  Under Federal Rule of Civil Procedure 65, an injunction binds only the parties; the parties' officers,

14  agents, servants, employees, and attorneys; and those persons in active concert or participation with

15  any of the foregoing. Fed. R. Civ. P. 65(d)(2)(A)–(C). None of those categories apply here.

16  **C.  The Court Cannot Award Damages:**

17  Alongside moving for injunctive relief, Petitioner moves for money damages. ECF

18  No. 8 at 3. He moves for damages of $1,000 per day of his false imprisonment. Id.

19  Typically, a state prisoner's pursuit of damages related to incarceration—as opposed

20  to release from incarceration—would fall under the auspices of 42 U.S.C. § 1983. See, e.g., Skinner

21  v. Switzer, 562 U.S. 521, 533–34 (2011); Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Nettles

22  v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Section 1983 provides a remedy for the violation of

23  constitutional rights by any person acting under color of state law. 42 U.S.C. § 1983; see, e.g., Hall

24  v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442

25  F.3d 1178, 1185 (9th Cir. 2006). But where suit under § 1983 would necessarily imply the invalidity

26  of a conviction or sentence, § 1983 is an inappropriate vehicle for relief. E.g., Skinner, 562 U.S. at

27  533–34; Nettles, 830 F.3d at 927–28. Instead, habeas corpus is appropriate remedy for a prisoner

28  seeking immediate or speedier release from confinement. See Skinner, 562 U.S. at 533–34; Preiser,

5

411 U.S. at 500; <u>Nettles</u>, 830 F.3d at 927. A petition for a writ of habeas corpus is the *exclusive* remedy for claims fall within the core of habeas. <u>Nettles</u>, 830 F.3d at 927.

Awarding Petitioner damages based upon a determination that Petitioner has been falsely imprisoned would necessitate finding that his conviction and sentence are invalid. <u>See, e.g.</u>, <u>Nettles</u>, 830 F.3d at 927–28. Section 1983 would thus be an inappropriate mechanism to achieve the monetary relief Petitioner seeks. <u>E.g.</u>, <u>Skinner</u>, 562 U.S. at 533–34; <u>Nettles</u>, 830 F.3d at 927.

Habeas corpus, however, is also not the correct vehicle for seeking damages, as the writ is meant to procure release from incarceration rather than damages due to the illegality of imprisonment. <u>See, e.g.</u>, <u>Nettles</u>, 830 F.3d at 927–28; <u>see also</u> <u>Muhammad v. Close</u>, 540 U.S. 749, 750–751 (2004). Section 1983, however, may become an available remedy to Petitioner *if* and *after* he successfully proves the invalidity of his conviction and sentences. <u>See, e.g.</u>, <u>Muhammad</u>, 540 U.S. at 750–751; <u>Nettles</u>, 830 F.3d at 927–28. Under this "favorable termination rule," to bring an action seeking relief for the unlawfulness of his incarceration (rather than release *from* unlawful incarceration), Petitioner must first establish that his conviction or sentence was eliminated, including by way of a federal court's issuance of a writ of habeas corpus. <u>See</u> <u>Muhammad</u>, 540 U.S. at 750–751; <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994); <u>Nettles</u>, 830 F.3d at 928; <u>Del Rio v. Superior Court of California</u>, Case No. 1:20-cv-01186-NONE-EPG, 2021 WL 795669, at *2 (E.D. Cal. Mar. 2, 2021).

In this action for a writ of habeas corpus, damages are not an available remedy. <u>See, e.g.</u>, <u>Muhammad</u>, 540 U.S. at 750–751; <u>Preiser</u>, 411 U.S. at 494; <u>Sisk v. CSO Branch</u>, 974 F.2d 116, 117 (9th Cir. 1992). To procure damages for the unconstitutionality of his imprisonment, Petitioner must first procure—and then prove in an action under § 1983—invalidation of his conviction. <u>See</u> <u>Muhammad</u>, 540 U.S. at 750–751; <u>Heck</u>, 512 U.S. at 486–87; <u>Nettles</u>, 830 F.3d at 927–28. This case concerns the first step—Petitioner's attempt to invalidate his conviction. To the extent that Petitioner's motion seeks damages, the undersigned thus recommends that it be denied.[5]

---

[5] Moreover, a mandatory injunction is all the more disfavored assuming that Petitioner, in requesting damages, believes that the harm he has incurred because of illegal imprisonment is capable of compensation in damages. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 878–79. Generally, the Court will not grant a mandatory injunction unless extreme harm will result, and they are not issued in doubtful cases or in cases where the injury complained of can be redressed with damages. <u>See</u> <u>id.</u> at 879.

1

### IV. RECOMMENDATION

2    The undersigned United States Magistrate Judge recommends that Petitioner's

3   motion for a temporary restraining order and injunctive relief (ECF Nos. 8, 25) be **DENIED**.

4    These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

6   being served with these findings and recommendations, any party may file written objections with

7   the Court. Responses to objections shall be filed within 14 days after service of objections. Failure

8   to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951

9   F.2d 1153 (9th Cir. 1991).

10

11   Dated:  April 26, 2021

12
DENNIS M. COTA
13
UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28