1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 DAVID SAMPSON HUNTER,                      No.  2:20-CV-1097-WBS-DMC-P

12                     Petitioner,

                                             FINDINGS AND RECOMMENDATIONS
13          v.

14 SCOTT JONES,

15                     Respondent.

16

17          Petitioner, a county inmate proceeding pro se, brings this petition for a writ of

18 habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to

19 dismiss, ECF No. 30.  Respondent argues the Court should dismiss the petition because it fails to

20 meet Rule 2(c) of the Rules governing Section 2254 Cases, which requires Petitioners to allege

21 sufficient facts to establish the existence of an actionable claim. For the reasons discussed below,

22 the Court agrees.

23

24                            **I.  BACKGROUND**

25          Petitioner claims that, on January 4, 2019, police arrested Petitioner for a trespass

26 violation. See ECF No. 15, pg. 1. He asserts that police illegally arrested him and took him to jail.

27 See id. On May 29, 2020, Petitioner filed his habeas corpus petition. See ECF No. 1, pg. 1. On

28 October 20, 2020, the Court dismissed the petition with leave to amend, directing Petitioner to

1    name a proper Respondent and to sufficiently state all claims and requests for relief. <u>See</u> ECF No.

2    10.

3           This action now proceeds on Petitioner's first amended petition, <u>see</u> ECF No. 15,

4    pg. 1, timely filed pursuant to the Court's October 20, 2020, order. As with the original petition,

5    Petitioner outlines various "background/history" facts that are difficult to decipher. <u>See</u> ECF No

6    15. The Court understands the core of Petitioner's claims as follows:

7           Petitioner appears to claim that his arrest was illegally connected to the filming of

8    a pornographic video with sex workers at a Motel 6. <u>See id.</u> at 1. It is unclear, however, who was

9    filming and how Petitioner was connected to the sex workers. <u>See id.</u> After Petitioner's arrest, he

10   claims sheriffs refused to bring him to court. <u>See id.</u> Next, Petitioner asserts that court officials

11   and sheriffs stole his mail—which appears to have some connection to his underlying arrest. <u>See</u>

12   <u>id.</u> The Petitioners allegations become less clear as he appears to suggest that Deputy Robinson

13   falsely reported that Petitioner "gassed him" in order to stage some sort of defense. <u>See id.</u> at 3.

14   Petitioner then appears to allege that the court falsely found him mentally incompetent to stand

15   trial and transferred him to Napa State hospital. <u>See id.</u> at 4. Petitioner alleges that Respondent

16   violated his due process rights. As such, plaintiff claims he should receive monetary damages and

17   a transfer to Crestwood hospital.  <u>See id.</u> at 1-4.

18

19                                    **II. DISCUSSION**

20          Respondent's single argument is the Petitioner has failed to state a proper claim

21   which is cognizable under § 2254 because the allegations in the petition are unclear, in violation

22   of Rule 2(c). <u>See</u> ECF No. 30, pg. 2.

23          Rule 2(c) describes the requirements of the actual petition in 2254 cases, which

24   include issues related to form, content, scope, and efficiency. <u>See</u> Rule 2(c), Rules Governing

25   Section 2254 Cases. Under Rule 2(c), there are three main requirements pertaining to a

26   petitioner's factual allegations and relief requested. <u>See id.</u> The petitioner must specify all the

27   grounds for relief available to the petitioner, state the facts supporting each ground, and state the

28   relief requested. <u>See id.</u> In judging the adequacy of these petitions, federal courts have a general

1    practice of holding pro se applications for relief to less stringent standards than formal pleadings

2    drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Yet, courts are only

3    obligated to draw reasonable factual inferences in the petitioners favor and are not required to

4    construct legal arguments for a pro se petitioner. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir.

5    1995) (finding that a habeas "petition must contain specific and particularized facts, not

6    conclusory or general remarks"). "A prime purpose of Rule 2(c)'s demand that habeas petitioners

7    plead with particularity is to assist the district court in determining whether the state should be

8    ordered to show cause why the writ should not be granted." Mayle v. Felix, 545 U.S. 644, 645

9    (2005). Furthermore, the Court in Mayle did explain that under Rule 8(a) of the Federal Rules of

10   Civil Procedure, a pleading need only provide fair notice of what the claim is and the grounds

11   upon which it rests, but noted, Rule 2(c) of the Rules Governing Section 2254 Cases is more

12   demanding and is expected to state facts that point to a real possibility of constitutional error. See

13   id. at 655.

14                    According to Respondent:

15                         Petitioner's filing does not comply with rule 2(c) because he did
                    not clearly identify any grounds for relief, did not provide supporting
16                  facts, and did not state the relief he seeks. (Dkt.15.) This Court directed
                    Petitioner to state all claims and requests for relief. (Dkt. 10.) Petitioner
17                  fails to do so in his first amended petition. (Dkt. 15.) His claims are
                    unintelligible.
18                        "Federal courts are authorized to dismiss summarily any habeas
                    petition that appears legally insufficient on its face." McFarland v. Scott,
19                  512 U.S. 849, 856 (1994). Unintelligible pleadings, like Petitioner's, are
                    dismissible because their incomprehensibility prejudices the opposing
20                  party. See Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980);
                    Guest v. Miller, 2014 WL 5528396, at *3 (C.D. Cal. 2014), report and
21                  recommendation adopted, 2014 WL 5581394 (C.D. Cal. 2014)
                    ("Petitioner's contention…is far too conclusory, unsupported, and
22                  unintelligible to plausibly lead to habeas relief). . . .

23                    ECF No. 30, pgs. 2-3.

24                    These arguments are persuasive. Petitioner's amended petition fails to comply with

25   Rule 2(c). As Respondent notes, Petitioner's claims are unintelligible. Current case law clearly

26   defines the scope of pleading requirements for habeas petitions as needing particularized facts so

27   the court can draw reasonable inferences in favor of a *pro se* petitioners. See Jones, 66 F.3d at

28   204. Even construing Petitioner's amended petition liberally, Petitioner makes no discernible

                                                        3

1    argument that would justify his habeas petition. <u>See</u> ECF No.15. Petitioner's claims are

2    conclusory and would require this Court to make unreasonable inferences to try and piece

3    together Petitioner's claims. <u>See</u> <u>id.</u> As mentioned, Rule 2(c) requires a petitioner to assert clear

4    facts and grounds for relief.  As discussed above, Petitioner's factual assertions are unclear. <u>See</u>

5    ECF No.15. As to Petitioners request for relief, it appears he is asking for a transfer to Crestwood

6    Hospital, but his request is not entirely apparent. <u>See</u> ECF No. 15, pg. 5. Regardless of whether

7    Petitioner has satisfied the other formal requirements for habeas corpus petitions, this Court

8    cannot draw reasonable inferences based on current pleading.

9

10                                        **III.  CONCLUSION**

11           Based on the foregoing, the undersigned recommends that Respondent's motion to

12    dismiss, ECF No. 30, be granted and that the amended petition be dismissed with leave to amend.

13           These findings and recommendations are submitted to the United States District

14    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

15    after being served with these findings and recommendations, any party may file written objections

16    with the Court.  Responses to objections shall be filed within 14 days after service of objections.

17    Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v.</u>

18    <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19

20    Dated:  September 16, 2021

21                                                          _____

22                                                          DENNIS M. COTA
                                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                                4